**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA POWER AGENCY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALTAROCK ENERGY, INC.; and LLOYD'S ) <br> OF LONDON, ) <br> ) <br> Defendants. ) <br> ) | Case No. 11-1749 SC <br> Case No. 11-1806 SC <br><br> ORDER DENYING PLAINTIFF'S <br> <u>EX PARTE APPLICATION</u> |

Plaintiff Northern California Power Agency ("NCPA") has filed an Ex Parte Application for issuance of an order staying arbitration between NCPA and Defendant AltaRock Energy, Inc. ("AltaRock") that is scheduled to commence on April 21, 2011. ECF No. 7 ("Appl.").[1]  The Court DENIES NCPA's Application.

The problems with NCPA's Application are myriad.  First, a party seeking injunctive relief in federal court must first establish the court's subject matter jurisdiction.  <u>Fed. Trade Comm'n. v. H. N. Singer</u>, 668 F.2d 1107, 1109 (9th Cir. 1982).  NCPA inconsistently asks this Court to enjoin arbitration while arguing that the Court lacks subject matter jurisdiction over the action.

---

[1] Although the term "Temporary Restraining Order" ("TRO") does not appear anywhere within NCPA's Application, the Court finds that the relief NCPA seeks -- an immediate injunction staying arbitration "pending full briefing in this Court," Appl. at 1 -- can only be granted through issuance of a TRO.  Accordingly, the Court applies the standard for issuance of a TRO in ruling on NCPA's Application.

E.g., Appl. at 3 n.1 ("The removal is completely improper as there is not diversity between NCPA and AltaRock."). Second, even if the Court had jurisdiction over this matter, the Supreme Court has clearly held that such relief is only appropriate when necessary to avoid irreparable injury. Winter v. Natural Res. Def. Council, 555 U.S. 365, 374-75 (2008). NCPA identifies no irreparable injury; nor is one even hinted at in NCPA's Application. Third, sections 15.1 to 15.3 of the Demonstration and Development Agreement between NCPA and AltaRock clearly state that disputes arising under the Agreement are subject to binding arbitration before the American Arbitration Association. ECF No. 1 ("Notice of Removal") Ex. A ("Compl.") Ex. A ("Demonstration and Development Agreement").

    For these reasons, Plaintiff's Application is DENIED.

    IT IS SO ORDERED.

Dated: April 18, 2011     

UNITED STATES DISTRICT JUDGE