United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NORTHERN CALIFORNIA POWER AGENCY,<br><br>Plaintiff,<br><br>v.<br><br>ALTAROCK ENERGY, INC.; and LLOYD'S OF LONDON,<br><br>Defendants. | ) | Case No. 11-1749 SC<br>Case No. 11-1806 SC<br><br>ORDER TO SHOW CAUSE |

Defendant AltaRock Energy, Inc. ("AltaRock") has filed an Ex Parte Application to set aside the default entered by the Clerk of the Court on April 20, 2011 in Case Number 11-1749. ECF Nos. 18 ("Application"), 16 ("Entry of Def."). Plaintiff Northern California Power Agency ("NCPA") filed a Response in opposition to AltaRock's Application. ECF No. 22 ("Response").

As the following will show, it appears that both parties have more interest in using court proceedings for delay and gamesmanship rather than to resolve an actual dispute. As such, the Court wastes as little of its own time as possible in issuing this brief Order. It is not disputed that, prior to removal, AltaRock filed a petition in Case Number 11-1749 to compel arbitration. Under California Code of Civil Procedure § 1281.7, this petition serves as a responsive pleading. AltaRock subsequently removed the action to federal court. In violation of 28 U.S.C. § 1446, AltaRock

failed to attach this petition to its Notice of Removal. NCPA then brought another action in state court -- Case Number 11-1806 -- challenging the removal of Case Number 11-1749. AltaRock removed this action as well.

NCPA then filed an ex parte application in Case Number 11-1749 to stay arbitration between the parties that was scheduled to commence on April 25, 2011. The Court denied this application, in part due to its concern that it lacked subject matter jurisdiction over the action. ECF No. 14. NCPA subsequently sought an Entry of Default from the Clerk of the Court in Case Number 11-1749, citing AltaRock's failure to file an answer within seven days of removal. Because AltaRock had not attached its petition to compel arbitration to the Notice of Removal, default was entered.

NCPA now argues in the arbitration proceedings -- currently underway -- that the Entry of Default should require all issues at arbitration to be adjudicated in NCPA's favor, save for damages. McArthur Decl. Ex. A ("Gilbert Letter").[1] NCPA also argues that the Court should deny AltaRock's Application as procedurally improper. See Response.

Having reviewed the documents submitted, the Court ORDERS as follows:

- The Court finds good cause to set aside the Entry of Default in Case Number 11-1749, as setting aside default will not prejudice NCPA. Accordingly, the Court ORDERS the Entry of Default to be SET ASIDE.
- The Court finds Related Case Number 11-1806, filed by NCPA, to

[1] Steven McArthur ("McArthur"), counsel for AltaRock, filed a declaration in support of its Application. ECF No. 18-1.

be nothing more than an improper attempt to challenge AltaRock's removal of the 11-1749 action in state court. It is DISMISSED WITH PREJUDICE as duplicative of Case Number 11-1749.

- Because it is seriously in question whether this Court has subject matter jurisdiction over Case Number 11-1749, the Court ORDERS Defendant AltaRock to show cause why this action should not be dismissed for lack of subject matter jurisdiction. A hearing is set for May 27, 2011, at 10:00 a.m., in Courtroom 1, 450 Golden Gate Avenue, San Francisco, California. By May 8, 2011, AltaRock shall file a brief addressing the issue of whether this Court has subject matter jurisdiction. NCPA's Opposition is due May 15, 2011. AltaRock's Reply is due May 22, 2011. All briefs shall conform to this District's Civil Local Rules.
- The Court stresses that neither this Order, nor any other order of the Court, serves to stay the arbitration proceedings that are currently underway. No motions or applications will be heard in this action until the issue of the Court's subject matter jurisdiction is resolved.

The Court notices both parties that any action to further delay or multiply proceedings, as well as any failure to comply with this Order, will constitute sufficient grounds for sanctions.

IT IS SO ORDERED.

Dated: April 27, 2011

UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California