**United States District Court**
For the Northern District of California

1

2

3

4                    IN THE UNITED STATES DISTRICT COURT

5                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7    NORTHERN CALIFORNIA POWER AGENCY,  )  Case No. 11-1749 SC
                                        )
8              Plaintiff,               )
                                        )
9         v.                            )  ORDER GRANTING NCPA'S
                                        )  MOTION TO REMAND
10                                      )
     ALTAROCK ENERGY, INC.; and LLOYD'S )
11   OF LONDON,                         )
                                        )
12             Defendants.              )
                                        )
13   _____)

14

15   **I.    INTRODUCTION**

16        Plaintiff Northern California Power Agency ("NCPA") commenced

17   this action in California Superior Court for the County of Marin.

18   See ECF No. 1 ("Notice of Removal") Ex. 1 ("Compl.").  Defendant

19   AltaRock Energy, Inc. ("AltaRock") removed.  See Notice of Removal.

20   Now NCPA, in response to the Court's April 27, 2011 Order to Show

21   Cause, seeks an order remanding the action to state court.  ECF

22   Nos. 23 ("OSC"), 32 ("Mot.").  AltaRock filed a brief in opposition

23   to NCPA's Motion.  ECF No. 33 ("Opp'n").  Defendant Lloyd's of

24   London ("Lloyd's") has not filed a responsive brief, but has filed

25   a motion for judgment on the pleadings or, in the alternative, for

26   summary judgment.  ECF No. 37 ("MSJ").  For the following reasons,

27   the Court GRANTS NCPA's Motion to Remand and DENIES Lloyd's MSJ for

28   lack of subject matter jurisdiction.

**United States District Court**
For the Northern District of California

## II.   <u>BACKGROUND</u>

The following facts are taken from NCPA's Complaint.  NCPA is a "California Joint Powers Agency formed pursuant to the California Joint Exercise of Powers Act and is comprised of 17-member communities."  Compl. ¶ 1.  NCPA owns and operates a number of power-generating facilities, including a geothermal steam generation facility called "the Geysers" in Lake County, California.  <u>Id.</u>  AltaRock is a geothermal energy development company; NCPA identifies AltaRock in its Complaint as a Delaware corporation with a principal place of business in Sausalito, Marin County, California.  <u>Id.</u> ¶ 2, 6.  AltaRock allegedly approached NCPA and claimed that it had developed new technology which could improve the capabilities of NCPA's steam-generation facilities.  <u>Id.</u> ¶ 6.  In 2009, AltaRock and NCPA entered into a written agreement under which AltaRock agreed to implement its technology on an NCPA-owned well as part of a trial business arrangement.  <u>Id.</u> ¶¶ 8-9.  Lloyd's is AltaRock's insurer.  <u>Id.</u> ¶ 18.

NCPA claims this trial run was "essentially a disaster."  <u>Id.</u> ¶ 8.  NCPA alleges that AltaRock's negligence in attempting to drill the well effectively destroyed its "utility and function."  <u>Id.</u> ¶¶ 10-16.  NCPA claims that AltaRock abandoned the project "because it was over budget and was intending to commence a more lucrative project in Oregon for which it had received a $20 million grant from the Department of Energy."  <u>Id.</u> ¶ 14.

NCPA filed its Complaint on March 2, 2011.  <u>See</u> Compl.  NCPA's Complaint included three causes of action: negligence, declaratory relief, and breach of contract.  <u>See</u> <u>id.</u>  AltaRock filed a petition to compel arbitration under the agreement.  <u>See</u> Notice of Removal.

1   After the state court had issued a tentative ruling staying

2   arbitration but before the state court made this ruling final,

3   AltaRock and Lloyd's joined in the removal of the action to federal

4   court, citing 28 U.S.C. § 1332 as the basis of the Court's

5   jurisdiction and alleging that AltaRock's principal place of

6   business was Seattle, Washington, not Sausalito, California.  <u>Id.</u>

7        NCPA attempted to challenge this removal by improperly filing

8   another action in state court, which AltaRock also removed.  <u>See</u>

9   Case No. 11-1806 (N.D. Cal., filed Apr. 11, 2011) ("the 11-1806

10  action").  NCPA filed an ex parte application for an order of this

11  Court staying arbitration, which the Court denied.  ECF No. 7, 14.

12  NCPA then sought an entry of default, citing AltaRock's failure to

13  file a timely responsive pleading in this action; the Clerk of the

14  Court entered the default.  ECF No. 16.  AltaRock sought the

15  default to be set aside, which NCPA opposed.  ECF Nos. 18, 22.  The

16  Court set aside the default, dismissed with prejudice the 11-1806

17  action, and ordered briefing on the issue of subject matter

18  jurisdiction.  <u>See</u> OSC.

19       In the responses to this OSC, NCPA argues removal was improper

20  because AltaRock, like NCPA, is a citizen of California for the

21  purposes of diversity subject matter jurisdiction.  <u>See</u> Mot.

22  AltaRock argues that it is a citizen of Washington, not California.

23  <u>See</u> Opp'n.

24

25  **III. <u>LEGAL STANDARD</u>**

26       Any civil action brought in a state court may be removed to

27  federal court if there is complete diversity of citizenship and the

28  amount in controversy exceeds $75,000.  28 U.S.C. §§ 1332, 1441.

3

As a general rule, the court must strictly construe the removal statute, "and any doubt about the right of removal requires resolution in favor of remand."  <u>Moore-Thomas v. Alaska Airlines, Inc.</u>, 553 F.3d 1241, 1244 (9th Cir. 2009) (citation omitted).  The burden of persuasion for establishing diversity jurisdiction is placed on the party asserting it.  <u>Hertz Corp. v. Friend</u>, 130 S. Ct. 1181, 1194 (2010).  "When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof."  <u>Id.</u> at 1194-95.

**IV.  <u>DISCUSSION</u>**

There is no dispute that § 1332's amount-in-controversy requirement is satisfied.  Nor is there any dispute that NCPA is a citizen of California for the purpose of the diversity subject matter jurisdiction.  At issue is the state citizenship of Defendant AltaRock.

Under 28 U.S.C. § 1332, a corporation is the citizen of its state of incorporation and "the state where it has its principal place of business."  28 U.S.C. § 1332.  The parties agree that AltaRock's state of incorporation is Delaware -- at issue is AltaRock's "principal place of business."  Under <u>Hertz</u>, a corporation has a single principal place of business -- its "nerve center."  130 S. Ct. at 1192.  This is the place where "the officers direct, control, and coordinate the corporation's activities."  <u>Id.</u>  The Court cautioned, however, that the principal place of business is not simply the place or "an office where the corporation holds its board meetings," but the "main, prominent or leading" place of direction, control, and coordination.  <u>Id.</u>

1   AltaRock is identified in NCPA's Complaint as a Delaware
2   corporation with a principal place of business in Sausalito, Marin
3   County, California.  Compl. ¶ 2.  As the party seeking the
4   jurisdiction of this Court, AltaRock has the burden of establishing
5   its principal place of business is outside California.  In its
6   Notice of Removal, AltaRock states in a single sentence that its
7   principal place of business is in the State of Washington.  Notice
8   of Removal ¶ 8.

9   NCPA applies the wrong standard in its Motion, applying the
10  test used prior to Hertz.  Nevertheless, NCPA puts forward evidence
11  of the following relevant facts: approximately half of AltaRock's
12  employees are stationed full-time in Sausalito, California; each of
13  AltaRock's directors and officers maintains a California office.
14  Mot. at 2.  NCPA cites to press releases issued by AltaRock in 2008
15  and 2009 in which AltaRock claims that it has "corporate
16  headquarters in Sausalito, California." Id. at 2.  NCPA also cites
17  to AltaRock's corporate registration with the Washington Secretary
18  of State, which it alleges "confirms that half of [AltaRock's]
19  governing board operates out of the Sausalito, California
20  location." Mot. at 2.  NCPA also claims that one of the two
21  officers identified in the above-mentioned corporate registration
22  "works solely from his residence in Wyoming." Id. at 3.  This
23  leaves a single officer -- AltaRock's president -- in AltaRock's
24  Seattle, Washington office.

25  In response, AltaRock argues that in December 2010, it
26  underwent corporate restructuring in which its California office
27  was downsized and its Seattle office was designated as the
28  headquarters office.  Opp'n at 5.  AltaRock argues that diversity

**United States District Court**
For the Northern District of California

1  jurisdiction is determined at the time the action commences, citing

2  <u>Hill v. Blind Indus. & Servs. Of Maryland</u>, 179 F.3d 754, 757 (9th

3  Cir. 1999), and argues that because the Complaint was filed in

4  March 2011, evidence of AltaRock's state citizenship predating the

5  alleged December 2010 restructuring is irrelevant.  Opp'n at 4-5.

6  The sole evidence AltaRock submits in support of its Opposition is

7  a declaration of AltaRock's assistant general counsel in which she

8  declares that she updated AltaRock's corporate information with the

9  California Secretary of State on May 19, 2011 to reflect AltaRock's

10 address in Seattle, Washington.  Thiagarajan Decl. ¶ 2 Ex. A.[1]

11      The Court begins its analysis by noting that AltaRock, not

12 NCPA, has the burden of establishing its state citizenship.

13 AltaRock made no attempt to do this in its Notice of Removal, in

14 which it alleged in one conclusory sentence that its principal

15 place of business was in the state of Washington.  Furthermore, the

16 Court rejects AltaRock's argument that evidence of AltaRock's state

17 citizenship predating the alleged December 2010 restructuring is

18 irrelevant.  In <u>Hertz</u>, the Court clarified that "the mere filing of

19 a form . . . listing a corporation's 'principal executive offices'

20 would, without more," would be insufficient proof to establish a

21 corporation's "nerve center."  130 S. Ct. at 1295.  The Court noted

22 that if the rule were otherwise, parties could engage in

23 "jurisdictional manipulation."  <u>Id.</u>  The evidence submitted by NCPA

24 is relevant because it demonstrates that Sausalito, California

25 served as AltaRock's principal place of business for a number of

26 years; AltaRock must establish, in light of this evidence, that it

27 ―――――――――――

28 [1] Rena Thiagarajan ("Thiagarajan"), assistant general counsel for
AltaRock, filed a declaration in support of AltaRock's Opposition.
ECF No. 35.

effectively moved its principal place of business to Seattle in December 2010. AltaRock produces no evidence save a print-out from the California Secretary of State's web site showing a change of address from California to Washington effective May 21, 2011. Because AltaRock's assertion is not supported by any other evidence, this has the hallmark of "jurisdictional manipulation" the Court warned of in <u>Hertz</u>.

Having found that AltaRock has failed to establish diversity of the parties, the Court finds that removal of this action was not proper and REMANDS the action to state court.

**V.     CONCLUSION**

For the foregoing reasons, the Court GRANTS the Motion to Remand filed by Plaintiff Northern California Power Agency. The Court REMANDS this action to California Superior Court, County of Marin, for subsequent action. Because it lacks subject matter jurisdiction over the action, the Court DENIES Lloyd's of London's motion for judgment on the pleadings or, in the alternative, for summary judgment.

IT IS SO ORDERED.

Dated: June 15, 2011

UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

7